

FILED
2008 Sep-30  PM 07:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LILLY WILLIAMS, as mother and next friend of JEFFREY T. WILLIAMS,**<br><br>Plaintiff,<br><br>**vs.**<br><br>**BLAKE DORNING, individually and in official capacity as Sheriff of Madison Bounty, Alabama; MADISON COUNTY JAIL, and MADISON COUNTY COMMISSION,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action Number<br><br>**5:08-cv-1148-UWC** |

### MEMORANDUM OPINION

Defendant Blake Dorning, in his official and individual capacities, has moved to dismiss this action. (Doc. 21.)

For the reasons outlined herein, the motion is due to be granted.

### I. Background

#### A. Procedural Status

This case was commenced by Plaintiff Lilly Williams, on behalf of her incapacitated son, Jeffrey T. Williams, seeking to recover compensatory and punitive damages against Sheriff Blake Dorning, in his individual and official

capacity, the Madison County Commission, and the Madison County Jail, pursuant to 42 U.S.C. § 1983, Alabama state law, and the Consent Order entered in *Marshall, et al. v. Whisante, et al.*, No. 78-5010 (N.D. Ala. Nov. 9, 2000) ("Consent Order").

Sheriff Blake Dorning filed a Motion to Dismiss the initial action. Plaintiffs then filed an amended complaint seeking to recover compensatory and punitive damages against Sheriff Dorning, in his individual and official capacity, and the Madison County Commission, pursuant to section 1983, Alabama law, and the Consent Order. Sheriff Dorning then filed the instant Motion to Dismiss.

### B. Substantive Facts

Jeffrey T. Williams ("Williams") was an inmate in the Madison County Detention Facility ("MCDF"). In February 2005 Williams informed a guard that he was having suicidal thoughts. As a result, Williams was placed on suicide watch. While on suicide watch Williams attempted suicide.

On an unspecified date shortly thereafter Williams was released from the Facility. Then, on an unspecified date before September 15, 2005, Williams' release was revoked.

When Williams returned to MCDF, there was no intake screening for mental or other health issues. Williams was neither given treatment for his mental health issues nor placed on suicide watch.

On or about September 15, 2005, an officer, agent, or employee of MCDF opened Williams' cell door and allowed Williams to walk around MCDF unsupervised. Williams attempted suicide by jumping from a second story balcony. Although Williams survived this suicide attempt, he landed on his head – which resulted in paralysis below his waist.

## II. THE CONTROLLING LAW AND ANALYSIS

### A. Standard for a Rule 12(b)(6) Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss, "all of the factual allegations in the complaint must be accepted and construed in the light most favorable to the plaintiff." *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1037 (11th Cir. 2008). "A motion to dismiss does not test the merits of a case, but only requires that the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above the speculative level." *Id.* (internal quotation marks omitted).

### B. Relief Sought Under the Consent Order

Plaintiff asks for relief based on the Consent Order in the prison conditions, *Marshall, et al.*, No. 78-5010. Sheriff Dorning maintains that only class counsel can bring a contempt action to enforce the Consent Order.

The Consent Order specifies how its terms are to be enforced. Only class counsel are authorized to apply to the Court for enforcement of the Consent Order.

*Marshall, et al.*, No. 78-5010 at ¶ 56 ("If defendant fails to comply with the substantive terms and conditions of this *Consent Order*, plaintiffs' counsel may apply to the Court for a finding of contempt or other appropriate relief.")

Accordingly, Plaintiff's claims for relief under the Consent Order are due to be dismissed without prejudice.

## C. State Law Claims Against Sheriff Dorning[1]

Plaintiff claims that Sheriff Dorning, in his official and individual capacities, was negligent and wanton, and he seeks monetary damages from the Sheriff.

Sheriff Dorning argues that the Alabama Constitution entitles him to immunity in his official and individual capacities from the state law claims.

In Alabama, state officials are immune to suit in their official and individual capacities except when the suit is to enjoin conduct. ALA. CONST. art. 1, § 14; *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) (citing *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994); *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989)). Alabama sheriffs have immunity because Alabama classifies its sheriffs as executive officers of the State. *Hester v. Lowndes County Com'n*, 2006 WL 2547430, at *2 (M.D. Ala. 2006) (citing *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala.

---

[1] Plaintiffs do not explicitly state that these are state law claims, but Plaintiffs do not cite to any federal law; thus, the claims will be read as common law torts.

1991)).

Since Plaintiff seeks only monetary damages on his state law claims against the Sheriff, these claims are barred by the doctrine of official immunity..

Accordingly, the state law claims against Sheriff Dorning are due to be dismissed with prejudice.

### D. State Law Claim Against Madison County Commission[2]

Plaintiff claims that the Madison County Commission was negligent and wanton. Specifically, Plaintiffs allege that the Commission had a duty, breached that duty, and that this breach caused Williams' injuries.

Alabama has removed sovereign immunity for counties. Ala. Code § 11-1-2 (1975). However, counties are only responsible for the erection and maintenance of the county jail. *Vinson v. Clarke County, Ala., et al.*, 10 F. Supp. 2d 1282, 1303 (S.D. Ala. 1998) (citing Ala. Code, § 11-14-10 (1975))). As a result, "any claim against the county must be based on a failure on the part of county officials to provide an adequate physical facility." *Newsome v. Lee County, Al.*, 431 F. Supp. 2d 1189, 1209 (M.D. Ala. 2006). The sheriff is responsible for care of the inmates and operation of

---

[2]Defendant argues that the Commission is improperly joined. Joinder is not an issue. Plaintiff can freely amend their complaint before receiving a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Accordingly, the Madison County Commission is *a Defendant. The Commission has not filed a motion to dismiss. However, the Court will sua* sponte address Plaintiffs' claims against the Commission. 28 U.S.C.A. §1915A.

the jail, which includes "monitoring detainees and assessing their tendency for suicide." *Vinson*, 10 F. Supp. 2d at 1304.

Counties are not vicariously liable for the actions or omissions of the sheriff in the county jail because Alabama sheriffs are not employees of the county for the purpose of imposing liability. *Newsome*, 431 F. Supp. 2d at 1209.

Plaintiff does not allege the specific duty owed to Williams and how that duty was breached.

Therefore, the claims against the Commission are due to be dismissed.

### E. The Section 1983 Claims Against Sheriff Dorning in his Official Capacity

Sheriff Dorning argues that he is entitled to Eleventh Amendment immunity in his official capacity because he is an executive officer of the State of Alabama. He is correct. *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990).

Therefore, the claim against Sheriff Dorning in his official capacity as Sheriff of Madison County is due to be dismissed with prejudice.

### F. The Section 1983 Claims Against Sheriff Dorning in his Individual Capacity

Sheriff Dorning argues that the doctrine of qualified immunity shields him from liability in his individual capacity; and that Plaintiff has not met the heightened

pleading standard required when a defense of qualified immunity is raised.

In this circuit, a heightened pleading standard applies in Section 1983 cases when the defense of qualified immunity is raised. *Danley v. Allen*, 2008 WL 3874672, at *11 (11th Cir. August 22, 2008). In these cases, "vague and conclusory" allegations will be dismissed. *Id.* To meet the heightened pleading standard, the "relevant facts must be plead with 'some specificity.'" *Id.*

When a government official is sued in his individual capacity for performing discretionary functions he is protected from liability unless he violates a "clearly established statutory or constitutional right[] of which a reasonable person would have known. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003) (quoting *Lassiter v. Ala. A & M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)). A government official is acting within his discretionary authority if "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)).

If a public official has established that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity does not apply. *Storck*, 354 F.3d at 1314. The Plaintiff must demonstrate that:

> (1) taken in the light most favorable to the party asserting the injury, do

the facts alleged show the officer's conduct violated a constitutional right?, and (2) if a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine "whether the right was clearly established."

*Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

A constitutional right is clearly established "by one or more of three sources: (1) a specific constitutional or statutory provision; (2) a legal principle announced by a decision from a court with jurisdiction over the place where the violation of rights was committed; and (3) a case with similar facts that has already been decided by one of those courts." *Id.* at 11.

Plaintiff has sufficiently pled the violation of a clearly established constitutional right. *Danley*, 2008 WL 3874672, at *11 ("Earlier deliberate indifference decisions have stated that when jailers are aware of serious medical needs they may not ignore them or provide grossly inadequate care" (citing *Bozeman v. Orum*, 422 F.3d 1265, 1273 (11th Cir. 2005); *McElligott v. Foley*, 182 F.3d 1248, 1256 (11th Cir. 1999))).

Under the Eighth Amendment, "prisoners have the right to receive medical treatment for illness and injuries, which encompasses a right to psychiatric and mental health care, and a right to be protected from self-inflicted injuries, including suicide." *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008) (quoting *Belcher v. City of Foley,*

*Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994)).  The Fourteenth Amendment provides the Eighth Amendment's protections to pretrial detainees.  *Danley*, 2008 WL 3874672, at *3.

The Eighth Amendment is violated if there is deliberate indifference to a prisoner's serious medical needs.  *Danley*, 2008 WL 3874672, at *8.  Prior to demonstrating deliberate indifference the plaintiff must show a serious medical need. *Id*.  If a serious medical need and deliberate indifference to that need are shown, then the plaintiff must prove causation between the deliberate indifference and the plaintiff's injury.  *Id.*

There are at least two ways to show that a medical need is serious: (1) "a delay in treating the need worsens it"; or, (2) "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.*

Here, Plaintiff alleges that he was suicidal.  A lay person would easily recognize that a suicidal individual needs a doctor's attention.  *See Woloszyn v. County of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005); *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000); *Estate of Novak ex rel. Turbin v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000); *Silva v. Donley County Texas*, 1994 WL 442404, at *3 (5th Cir. 1994); *Ward v. Holmes*, 1994 WL 313624, at *4 (4th Cir. 1994); *Horn by Parks*

*v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

To demonstrate the defendant's deliberate indifference to the serious medical need, "a plaintiff must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Danley*, 2008 WL 3874672, at *8.

The existence of a consent decree in a prison where a suicide took place is relevant to the deliberate indifference inquiry, but it may be just one factor in the inquiry. *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003). For gross negligence, a trier of fact may infer deliberate indifference "[w]hen prison guards ignore without explanation a prisoner's serious medical condition that is known or obvious to them." *Danley*, 2008 WL 3874672, at *10 (quoting *Bozeman*, 422 F.3d at 1273).

Assuming the above elements are satisfied, Plaintiff nonetheless must demonstrate supervisor liability of Sheriff Dorning, because supervisors are not liable for their subordinates on the basis of *respondeat superior* or vicarious liability. *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). However, supervisors are liable when either "the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Id.* (citing

*Braddy v. Florida Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)).

There are three established means of demonstrating the requisite casual connection. First, a causal connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and [the responsible supervisor] fails to do so." *Gonzales*, 325 F.3d at 1234 (quoting *Braddy*, 133 F.3d at 802)). The history of widespread abuse must be "obvious, flagrant, rampant, and of continued duration, rather than isolated circumstances. *Id.* In *Danley*, 2007 WL 3874672, at *13, the Court found that the supervisors' knowledge of relevant abuse through reports, complaints, and personal observation of jailers abuse, especially particular jailers, established a casual connection.

Here, Plaintiff does not allege a history of widespread indifference of Madison County jail officials to the known suicidal threats of inmates

Second, a causal connection may be established "when the supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights." *Gonzales*, F.3d at 1234-35 (quoting *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991)) (internal quotation marks omitted).

While Plaintiff alleges that Sheriff Dorning's improper custom or policy

resulted in Williams' injuries, she does not indicate in the complaint specifically what policy or custom caused the deliberate indifference.. She merely make a conclusory statement. *See Battise v. Sheriff of Broward County*, 261 Fed. Appx. 199, 202-03 (11th Cir. 2008).

Third, a causal connection may be shown by "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Gonzales*, 325 F.3d at 1235 (citing *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1561 (11th Cir. 1993)).

Again, Plaintiff does not allege sufficient facts to support this third means of establishing a causal connection.

Accordingly, Plaintiff' section 1983 claim against Sheriff Dorning in his individual capacity is due to be dismissed without prejudice.

### G. Section 1983 Claim Against Madison County Commission

A county may be subject to Section 1983 liability for constitutional violations caused by its policies or customs." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality...A custom is a practice that is so settled and permanent that it

takes on the force of law." *Newsome*, 431 F.Supp.2d at 1205 (quoting *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005)).  The county can not be held liable under the doctrine of *respondeat superior*. *Id*. at 1205-06.

There is no heightened pleading standard for section 1983 claims against a municipality. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

Since the Madison County Commission is not responsible for the operation of the Jail, Plaintiff's Section 1983 claim against the Commission is due to be dismissed.

## Conclusion

For the reasons stated herein, the motion to dismiss will be granted, without prejudice to the right of Plaintiff to seek leave to amend the complaint to 1) make more specific allegations against Sheriff Dorning, and/or 2) to name the specific jailers responsible for the alleged deprivation of his rights under 42 U.S.C. § 1983.

_____
U.W. Clemon
United States District Judge